Hyman, C. J.
The District Judge decreed that the sheriff of the parish of Assumption he authorized to perform the duties of syndic of the creditors of Julien Tournillon, an insolvent.
The sheriff, after the decree, applied for and obtained an order of Court, calling a meeting of the creditors of the insolvent, to deliberate and decide as to the best mode of disposing of the property surrendered by the insolvent.
Arthur Shiff, a creditor, appeared at the meeting and voted that a sale for. cash he made of the property, and also voted for himself, as syndic. The proceedings of the meeting having been filed in Court, the sheriff opposed the homologation of that part of the proceedings of the creditors at the meeting that voted Shiff. syndic, on the ground that he, sheriff, was syndic, &c. The Court in homologating the proceedings, rejected' the claim of Shiff to be syndic, and confirmed the sheriff in the office. Shiff has appealed.
By the 27th section of an act entitled “an act relative to a voluntary' surrender of property and mode of proceedings,’’approved March 15,1855, *182 the Judge was empowered under certain circumstances to authorize the sheriff to perform in every rfespect the functions of syndic of the creditors of insolvents.
The decree of the Court authorizing the sheriff to perform the duties of syndic, virtually appointed him syndic. No appeal has been taken from this judgment, .and no action of nullity has been brought to annul it. It must stand and have its effect until reversed by appeal, or annulled and set aside-'by action of nullity.
Shiff has not asked for the removal of the sheriff as syndic, but, that he, Shiff, be appointed syndic.
The law does not allow the appointment of a syndic when there is already one, and when there are no steps taken to remove him.
The mistake of Shiff was in supposing that there was no representative of the creditors.
Judgment affirmed; appellant to pay costs of appeal.